**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 06 2014

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

NORA VEASEY              PLAINTIFF

V.            NO. 4:13-CV-679 JMM

ALLSTATE INSURANCE COMPANY           DEFENDANT

## AGREED ORDER DISBURSING SETTLEMENT PROCEEDS

Come the parties, Plaintiff Nora Veasey, by and through her attorney, Todd Griffin, and the Defendant, Allstate Insurance Company, by and through its attorneys, Munson, Rowlett, Moore & Boone, P.A., and for their Agreed Order Disbursing Settlement Proceeds, state as follows:

### FACTUAL BACKGROUND

1. The instant matter arises from litigation in the Pulaski County, Arkansas Circuit Court that was filed on March 1, 2012. The Complaint alleged Plaintiff was involved in a motor vehicle accident on or about March 11, 2009 on Kanis Road in Little Rock, Arkansas. Plaintiff was rear-ended by Vera Sawyer, a State Farm insured who was also named as a defendant in the Pulaski County action.

2. As a result of the motor vehicle accident, Plaintiff claimed injuries to her neck and upper, mid, and lower back. Plaintiff specifically claimed injury in the form of bulging discs at multiple cervical and lumbar levels with a fracture of her C3 vertebrae. At all relevant times, Plaintiff had an automobile insurance policy issued by Defendant Allstate Insurance Company. The policy included underinsured motorist coverage. At all relevant times, Plaintiff was a Medicare beneficiary.

3. Plaintiff nonsuited the Pulaski County action on November 9, 2012, with the associated Order entered on November 13, 2012.

4. Plaintiff renewed her demand on October 14, 2013, and Defendant offered to settle this matter for $25,000.00, which is the equivalent of Plaintiff's underinsured motorist policy limits. On October 23, 2013, Defendant confirmed Plaintiff's acceptance of the offer and requested lien and Medicare information so a release could be prepared and payment issued. At all relevant times, Plaintiff has a pending Medicare lien; however, the amount claimed by Medicare related to treatment for the subject incident is disputed by Plaintiff.

5. Because Plaintiff contests the amount of the asserted Medicare lien, Plaintiff requested all settlement funds be made payable to Plaintiff and her attorney, as Plaintiff intended to resolve the issues with the Medicare lien. Defendant, however, requested that certain settlement proceeds be distributed to Medicare independently, with the remainder of funds disbursed to the Plaintiff and her attorney,[1] in an effort to resolve Defendant's obligations pursuant to the Medicare lien and satisfy requirements set forth by the Medicare Secondary Payor Act.

6. When terms of settlement could not be finalized, Plaintiff re-filed suit on November 12, 2013 before this Court. Plaintiff subsequently filed a Motion to Enforce Settlement that is currently pending before the court.

7. Plaintiff's counsel has offered to hold the settlement proceeds in his IOLTA trust account, until the Medicare issue can be resolved.

---

[1] Defendant proposed that this disbursement could occur in various ways, including naming Medicare as a co-payee to all funds payable to Plaintiff and her attorney; or issuing a separate check to Medicare on Plaintiff's behalf in the amount of the finalized lien.

2

8. Most recently, Defendant filed a Third Party Complaint in Interpleader in an attempt to interplead the settlement funds into the registry of the court and join relevant parties to resolve the Medicare lien.

9. Although the parties in this case dispute the proper resolution of the Medicare lien in accordance with the Medicare Secondary Payor Act and other relevant law, the parties do agree on the amount of the settlement ($25,000.00), that settlement of this matter is proper, and that proceeds should be disbursed, while still protecting the interests of the parties.

**IT IS HEREBY ORDERED AND ADJUDGED THAT:**

1. This Order shall govern the payment, handling, and disbursement of settlement proceeds.

2. Defendant Allstate Insurance Company shall issue a check in the amount of $25,000.00, payable to The Law Offices of Todd Griffin, IOLTA Trust Account, on behalf of Nora Veasey, within ten (10) days of the entry of this Order. Funds shall remain in Todd Griffin's IOLTA Trust Account at all times until disbursement is triggered by a finalized Medicare lien and obligation to pay Medicare pursuant to 42 C.F.R. §411.24 and other applicable law, including but not limited to 42 U.S.C. §1395, et seq.

3. Allstate shall timely notify Medicare that settlement has been reached and payment issued.

4. Once settlement funds have been issued to Todd Griffin by Allstate, Defendant Allstate Insurance Company shall be discharged and released from any liability arising under Auto Policy No. 045630199, the Medicare Secondary Payor Act, or other applicable law. Plaintiff will enter into a valid and binding settlement release in full and final settlement of all

3

claims of the Plaintiff and discharging Defendant from any future liability to Medicare. The proposed Release is attached hereto as Exhibit A.

5. Todd Griffin shall comply with 42 C.F.R. §411.24, 42 U.S.C. §1395 et seq., and other applicable law requiring reimbursement to Medicare within 60 days of receipt of a primary payment. In placing settlement funds in trust with Todd Griffin, Defendant is relieved of any future obligation pursuant to 42 C.F.R. §411.24(i), as funds in the IOLTA Trust Account are specifically designated to be paid to Medicare, with the remainder to be disbursed only after the Medicare lien is resolved.

6. Within ten (10) days of finalizing the Medicare lien, Todd Griffin shall file an Affidavit in the pending action stating the lien has been finalized, identifying the amount of the final lien, and attaching documentation received from Medicare confirming the final amount.

7. Plaintiff advises Medicare is currently claiming a lien of $17,601.97, which is disputed by Plaintiff. Plaintiff's reasonable attorney's fee totals $9,092.50, making net settlement proceeds $15,907.50. Plaintiff's counsel advises he will hold the full $17,601.97 in his IOLTA Trust Account, and will only pay Plaintiff's partial fees and expenses at the time the settlement monies are received, pending the determination of Medicare's actual lien amount.

Within ten (10) days of finalizing the Medicare lien, Todd Griffin shall disburse the settlement proceeds as follows:

a) Payment to Medicare in the amount of the finalized lien on behalf of Nora Veasey;

b) Additional payment of a reasonable attorneys' fee to the Law Offices of Todd Griffin, as may be required; and

c) Payment of the remaining funds to Nora Veasey.

4

8. Todd Griffin shall submit an accounting to the Court and Defendant within ten (10) days of any disbursement of proceeds. The accounting shall include, or be supplemented with, a confirmation from Medicare that its lien has been effectively released.

9. Upon issuance of settlement funds, the pending litigation, styled *Nora Veasey vs. Allstate Insurance Company*, NO. 4:13-CV-679 JMM, in the United States District Court for the Eastern District of Arkansas, Western Division, shall be dismissed with prejudice as to all claims and causes of action against Defendant Allstate Insurance Company, including claims of breach of contract and bad faith.

10. In the event that the Medicare lien is not or cannot be finalized, funds shall remain in trust with Todd Griffin and subject to annual accounting with the Court.

11. Noncompliance with this Order shall be deemed Contempt of Court and shall be penalized in accordance with law.

IT IS ORDERED.

_____
JUDGE MOODY
5/6/14
Date

AGREED:

/S/ AMY L. TRACY
MUNSON, ROWLETT, MOORE & BOONE, P.A.
400 W. Capitol, Suite 1900
Little Rock, AR 72201
(501) 374-6535
(501) 374-4906 Fax

_____
Todd K. Griffin
LAW OFFICES OF TODD GRIFFIN
415 N. McKinley, Suite 100
Little Rock, AR 72205

5

## SETTLEMENT AGREEMENT AND RELEASE OF NORA VEASEY

For the sole consideration of Twenty Five Thousand and NO/100 Dollars ($25,000.00), the receipt and sufficiency of which is hereby acknowledged, the undersigned, Nora Veasey, individually, does hereby release, discharge and forever acquit Allstate Insurance Company and its agents, employees, successors and assigns, liable or who might be liable in any way or in any manner as a result of a motor vehicle accident and resulting claim handling and settlement which actions originated on or about March 11, 2009, in Pulaski County, Arkansas.

This Release shall operate as a full and final discharge of all causes of action in tort or in contract, or of any other kind, of the undersigned, presently existing and which may arise in the future, of whatever kind and whatever nature against Allstate Insurance Company and related parties, which causes of action arose out of said accident on or about March 11, 2009. It is further expressly agreed by the undersigned that the amount paid herein is in full and final satisfaction of any and all claims or demands against Allstate Insurance Company and related parties which may arise out of said accident and the subsequent claim handling and settlement.

It is understood and agreed that this settlement is a compromise of a doubtful and disputed claim and that payment is not to be construed as an admission of liability on the part of the party or parties being released, and that the released parties deny liability but seek to avoid litigation through this settlement.

It is further agreed that in the event some other party or parties should be held responsible to the undersigned for damages as a result of the above described accident, casualty or event, the execution of this Release shall operate as a satisfaction of all the undersigned's claim or claims against such other party or parties to the extent of a pro rata share of the aforementioned party or parties being released herein. It is further agreed that this Release shall operate as a reduction, to

1

the extent of the pro rata share of the party or parties being released herein, of all the undersigned's claim or claims for damages, on account of the aforementioned accident, casualty or event, recoverable by the undersigned as against any other tortfeasor or tortfeasors.

It is further agreed by the parties hereto that it is the intent of this Release to comply with the provisions of the provisions of the Civil Justice Reform Act of 2003, the Uniform Contribution Among Joint Tortfeasors Act (Act 315 of 1941), Ark. Code Ann. 16-61-201, *et seq.*, and specifically Ark. Code Ann. 16-61-205, so as to provide for a reduction, to the extent of the pro rata share of the released tortfeasor, of the injured person's damage recoverable against all other tortfeasors.

As further consideration for the above payment, the undersigned does covenant and agree that all incurred liens, including Medicare, and any and all medical expenses, not subject to a statute of limitations defense, will be paid out of the proceeds of the settlement, and the undersigned does hereby agree to indemnify and save harmless the parties hereby released from all judgments, costs, expenses, claims, damages or demands by and persons acting on behalf of the undersigned by reason of the aforesaid accident and injuries. To the extent applicable, a lien release will be obtained releasing Allstate Insurance Company and related parties.

Additionally, in consideration of the payments set forth in the Settlement Agreement, claimant waives her 42 U.S. C. 1395y(b)(3)(A) causes of action, and releases and forever discharges defendant and defendant's insurer from any obligations for any claim, known or unknown, arising out of the failure of defendant and/or defendant's insurer to provide for a primary payment or appropriate reimbursement pursuant to 42 U.S.C. 1395y(b)(3)(A). The undersigned understands that the total amount of this settlement will be reported to Medicare by Allstate Insurance Company.

Finally, the Undersigned and undersigned's counsel identify the following ICD-9 codes as describing the injuries alleged to have been sustained by the undersigned as a result of the incident described herein:

| | | |
|---|---|---|
| 721.0 | 722.4 | 722.52 |
| 721.2 | 722.10 | 723.1 |
| 721.3 | 722.11 | 724.2 |
| 721.41 | 721.0 | 729.5 |
| 722.0 | 722.51 | 805.03 |

The undersigned acknowledges and understands that this settlement may impact, limit or preclude the undersigned's right or ability to receive future Medicare benefits for these diagnoses codes or arising out of the injuries alleged in this lawsuit. The undersigned has had the advice and guidance of her counsel in this regard and nevertheless wishes to proceed with settlement.

For the same consideration herein above listed, it is agreed that an action pending in the District Court for the Eastern District of Arkansas, Western Division, styled *Nora Veasey v. Allstate Insurance Company*, NO. 4:13-CV-679 JMM, shall be dismissed with prejudice as to all claims and causes of action against Defendant Allstate Insurance Company, including breach of contract and bad faith.

The undersigned agrees she is a competent party with the ability to enter into this Release and has reached the age of majority. The undersigned agrees this Release has been carefully read and is understood; it is expressly warranted by the undersigned that no promise or inducement has been offered except as herein set forth; that this Release is executed without reliance upon any statement or representation of any person hereby released or their

representatives, or the legal liability therefor; and that the terms of this Release are intended as contractual and not as a mere recital.

Settlement proceeds are subject to and shall be disbursed in accordance with the Agreed Order Disbursing Proceeds.

DATED this 6th day of May, 2014

_____
NORA VEASEY

STATE OF Arkansas
COUNTY OF Pulaski

SUBSCRIBED AND SWORN TO before me, a notary public, on this 6th day of May, 2014.

[Notary stamp: CHERIE L. MARTIN, PULASKI COUNTY, NOTARY PUBLIC - ARKANSAS, My Commission Expires October 04, 2019, Commission No. 12376286]

_____
NOTARY PUBLIC

My commission expires:
10/4/2019

LAW OFFICES OF TODD GRIFFIN
415 NORTH McKINLEY, SUITE 1000
LITTLE ROCK, AR 72205

4

APPROVED BY:

_____
Todd L. Griffin
LAW OFFICES OF TODD GRIFFIN
415 N. McKinley, Suite 100
Little Rock, AR 72205
*Attorney for Nora Veasey*

PREPARED BY:

MUNSON, ROWLETT, MOORE & BOONE, P.A.
1900 Regions Center
400 West Capitol Avenue
Little Rock, Arkansas  72201
(501) 374-6535